# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RE: MANOSIS KUNDU ) | CASE NO.   13 B 24530 |
|     SUGANTHI SRINIVASAN ) | CHAPTER 13 |
|         Debtor(s), ) | |
| ) | JUDGE:  CAROL A. DOYLE |
| ) | |
| TOM VAUGHN, CHAPTER 13 TRUSTEE ) | |
| ) | |
|         Plaintiff, ) | ADV.NO__AP_____ |
| ) | |
| v. ) | |
| ) | |
| CITIBANK, N.A. ) | |
| ) | |
|         Defendant(s) ) | |

## COMPLAINT OF TOM VAUGHN CHAPTER 13 TRUSTEE PURSUANT TO §542(a) TO TURNOVER FUNDS

Now comes Tom Vaughn, Chapter 13 Trustee, pursuant to §542(a) requesting that this court order Citibank, N.A. to turn over funds to the estate and in support thereof states as follows:

1. This Honorable Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §157 and 28 U.S.C. § 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(1) and (2).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

4. The Debtor's case was filed on June 13, 2013.

5. The Debtors' plan was confirmed on October 1, 2013.

6. That the confirmed Chapter 13 Plan requires the Debtor to make plan payments to the Chapter 13 Trustee in the amount of $1247.00 monthly for 60 months.

7. Creditor Citibank, N.A. filed a claim in the amount of $22,545.75. (Please See Exhibit A).

8. Per the confirmed plan, unsecured creditors are to be paid 100% of their filed claims, with 2% interest.

9. Citibank, N.A. was to be paid accordingly $23,540.53.

10. Citibank, N.A. was overpaid by the Trustee in the amount of $23,540.53.

11. The Trustee's efforts to recover the overpayment from the creditor were unsuccessful. On February 4, 2018, sent email communication to Citibank in an effort to recover the overpaid funds.

12. On April 5, 2018, Trustee called Citibank and was told that either the Debtor or Debtor's attorney needed to make the inquiry regarding the funds, stating that Trustee had no authority since the bankruptcy case was closed. That same day, Trustee sent email communication to Debtor's attorney seeking assistance with the recovering the overpaid funds from Citibank. A follow-up email was sent to Debtor's attorney on April 17, 2018. Trustee also left Debtor's counsel a voicemail on June 6, 2018. Trustee has not received a response to any method of communication from Debtor's attorney.

14. On May 2, 2018 Trustee called Debtor and left a voicemail. Trustee has received no response from Debtor.

15. The funds at issue constitute property of the bankruptcy estate and should be turned over to Trustee for administration pursuant to §542(a) of the Bankruptcy Code.

WHEREFORE, the Trustee prays for the entry of an order requiring:

A. That Citibank, N. A. turns over the sum of $23,540.53 to Trustee.
B. Any other relief the Court deems appropriate.

Respectfully submitted,

/s/ Tom Vaughn, Chapter 13 Trustee

Tom Vaughn, Chapter 13 Trustee
55 E. Monroe St., Suite 3850
Chicago, IL 60603
(312) 294-5900

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Tom Vaughn, Trustee | DEFENDANTS<br>Citibank, N.A. |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Tom Vaughn<br>55 E. Monroe St., Suite 3850<br>Chicago, IL 60603<br>(312) 294-5900 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Creditor, Citibank, N.A., has received an over payment of $23,540.53. The funds that were over paid are property of the estate under 11 USC § 541 and must be turned over to the estate under 11 USC § 542.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 23,540.53 |

Other Relief Sought
## Any relief that the court deems appropriate.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Manosis Kundu/Suganthi Srinivasan | BANKRUPTCY CASE NO.<br>13 B 24530 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinois | DIVISION OFFICE<br>Eastern | NAME OF JUDGE<br>Doyle | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>8/15/18 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Tom Vaughn | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.